# EXHIBIT 1

**CT Corporation**

**Service of Process Transmittal**
02/04/2021
CT Log Number 539000482

**TO:**  Jocelyn Beiswenger
Cynosure, LLC
5 CARLISLE RD
WESTFORD, MA 01886-3601

**RE:**  **Process Served in Massachusetts**

**FOR:**  Cynosure, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CIT BANK, N.A., Pltf. vs. JADE MCGAFF, M.D, LLC, etc., et al., Dfts. // To: Cynosure, LLC |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 3CC19100059K |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/04/2021 at 14:14 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780116756845<br><br>Image SOP<br><br>Email Notification,  Jocelyn Beiswenger  jocelyn.beiswenger@hologic.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>155 Federal Street<br>Suite 700<br>Boston, MA 02110<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

| STATE OF HAWAI'I CIRCUIT COURT OF THE THIRD CIRCUIT | SUMMONS TO ANSWER CIVIL THIRD PARTY COMPLAINT | CASE NUMBER 3CC-19-1-00059K |
|---|---|---|

| PLAINTIFF                                    VS. | DEFENDANT(S) |
|---|---|
| THIRD PARTY PLAINTIFFS | THIRD PARTY DEFENDANT |
| Jade McGaff, MD, LLC fka Jade McGaff Cosmetic Laser, LLC and Dr. Jade McGaff | Cynosure LLC |

A TRUE COPY ATTEST

Ro... ...rtheim
Constable/Process Server

**PLAINTIFF'S NAME & ADDRESS, TEL. NO.**

Jade McGaff, MD, LLC fka Jade McGaff Cosmetic Laser, LLC and Dr. Jade McGaff
c/o Margaret Wille & Associates LLLC
PO Box 6398
Kamuela, HI 96743
808-887-1419

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

Margaret Wille & Associates LLLC
PO Box 6398
Kamuela, HI 96743

plaintiff's attorney, whose address is stated above, an answer to the third party complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third party complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | Effective Date of 28-Oct-2019 Signed by: /s/ Cheryl Salmo Clerk, 3rd Circuit, State of Hawai'i |  |
|---|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on HAWAII- Phone No. 808-961-7424, TTY 808-961-7422, FAX 808-961-7411, at least ten (10) working days prior to your hearing or appointment date.

Form 1C-P-787 (3CCT) (10/19)
Summons to Complaint    RG-AC-508 (10/19)

A True Copy Attest
2-4-21

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAI'I

**Electronically Filed
THIRD CIRCUIT
3CC19100059K
15-JAN-2021
02:44 PM
Dkt. 157 DJT**

| | |
|---|---|
| CIT BANK, N.A.,<br><br>Plaintiff<br><br>v.<br><br>JADE MCGAFF, MD, LLC formally known as JADE MCGAFF COSMETIC LASER, LLC; and DR. JADE MCGAFF,<br><br>Defendants and Third Party Plaintiffs<br><br>v.<br><br>CYNOSURE LLC<br><br>Third Party Defendants. | Civ. No. 3CC-19-1-00059K<br>(Contract)<br><br>**DEMAND FOR JURY TRIAL** |

## DEMAND FOR JURY TRIAL

Defendant and Third-Party Plaintiffs JADE MCGAFF, MD, LLC formally known as

JADE MCGAFF COSMETIC LASER, LLC; and DR. JADE MCGAFF herein demand a trial by

jury as to all issues so triable in the above captioned case.  This Demand for Jury Trial is made

pursuant the Hawai'i Rules of Civil Procedure ("HRCP") Rule 38 "Jury Trial of Right".


Dated:  Waimea, HI   January 15, 2021    Signed: */s/ David J. Swatland*
                                                  Margaret Wille
                                                  Timothy Vandeveer
                                                  David J. Swatland
                                                  Margaret Wille & Associates LLLC
                                                  Attorneys for Defendants and Third-Party
                                                  Plaintiffs Dr. Jade McGaff and Dr. Jade McGaff,
                                                  MD, LLC fka Jade McGaff Cosmetic Laser, LLC

**MARGARET WILLE & ASSOCIATES LLLC**
Margaret D. Wille #8522
David J. Swatland #10929
Timothy Vandeveer #11005
Attorneys at Law
PO Box 6398
Kamuela, Hawai'i 96743
Tel: 808-887-1419
mw@mwlawhawaii.com
david@mwlawhawaii.com
tim@mwlawhawaii.com

**Electronically Filed**
**THIRD CIRCUIT**
**3CC19100059K**
**27-JAN-2021**
**02:04 PM**
**Dkt. 188 SUMM**

Attorneys for Defendants and Third Party Plaintiffs
Dr. Jade McGaff and Dr. Jade McGaff, MD, LLC
fka Jade McGaff Cosmetic Laser, LLC

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| CIT BANK, N.A.,<br><br>Plaintiff<br><br>v.<br><br>JADE MCGAFF, MD, LLC formally known as JADE MCGAFF COSMETIC LASER, LLC; and DR. JADE MCGAFF,<br><br>Defendants and Third Party Plaintiffs<br><br>v.<br><br>CYNOSURE LLC<br><br>Third Party Defendants. | Civ. No. 3CC-19-1-00059K<br>(Contract)<br><br>**DEFENDANT AND THIRD PARTY PLAINTIFF JADE MCGAFF, MD, LLC formally known as JADE MCGAFF COSMETIC LASER, LLC; and DR. JADE MCGAFF'S NOTICE OF SUBMISSION OF SUMMONS ON THIRD PARTY DEFENDANT CYNOSURE LLC** |

**MARGARET WILLE & ASSOCIATES LLLC**
Margaret D. Wille #8522
David J. Swatland #10929
Timothy Vandeveer #11005
Attorneys at Law
PO Box 6398
Kamuela, Hawai'i 96743
Tel: 808-887-1419
mw@mwlawhawaii.com
david@mwlawhawaii.com
tim@mwlawhawaii.com

**Electronically Filed**
**THIRD CIRCUIT**
**3CC19100059K**
**15-JAN-2021**
**02:44 PM**
**Dkt. 156 CMP**

Attorneys for Defendants and Third Party Plaintiffs
Dr. Jade McGaff and Dr. Jade McGaff, MD, LLC
fka Jade McGaff Cosmetic Laser, LLC

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

### STATE OF HAWAI'I

| | |
|---|---|
| CIT BANK, N.A.,<br><br>Plaintiff<br><br>v.<br><br>JADE MCGAFF, MD, LLC formally known as JADE MCGAFF COSMETIC LASER, LLC; and DR. JADE MCGAFF,<br><br>Defendants and Third Party Plaintiffs<br><br>v.<br><br>CYNOSURE LLC<br><br>Third Party Defendants. | Civ. No. 3CC-19-1-00059K<br>(Contract)<br><br>**DEFENDANTS DR. JADE MCGAFF, MD AND JADE MCGAFF, MD, LLC FKA JADE MCGAFF COSMETIC LASER, LLC'S THIRD-PARTY COMPLAINT AGAINST CYNOSURE, INC.; DEMAND FOR JURY TRIAL; SUMMONS.**<br><br>Jury Trial Demanded |

<u>DEFENDANTS DR. JADE MCGAFF, MD AND JADE MCGAFF, MD, LLC
FKA JADE MCGAFF COSMETIC LASER, LLC'S
THIRD-PARTY CLAIM AGAINST CYNOSURE, INC.</u>

COMES NOW, Defendants and Third Party Plaintiffs DR. JADE MCGAFF, MD AND JADE MCGAFF, MD, LLC FKA JADE MCGAFF COSMETIC LASER, LLC, by and through their attorneys MARGARET WILLE & ASSOCIATES LLLC, and files its Third Party Claims against Third Party Defendant CYNOSURE, INC. (hereinafter referred to as "Defendant" or "Cynosure"), pursuant to the State of Hawai'i Rules of Civil Procedure ("HRCP") Rule 7 "Pleadings Allowed; Form of Motions" section (a) "Pleadings", HRCP Rule 8 "General Rules of Pleading" section (a) "Claims for relief", HRCP Rule 10 "Form of Pleadings", and HRCP Rule 14 "Third-Party Practice" section (a) "When defendant may bring in third-party", Hawai'i Rules of the Circuit Court ("HRCC") Rule 3 "Form of Pleadings and Motions", as well as this Court's Order Granting Defendants DR. JADE MCGAFF, MD AND JADE MCGAFF, MD, LLC FKA JADE MCGAFF COSMETIC LASER, LLC's ("Dr. McGaff" or "Third Party Plaintiffs") Motion for Leave to File Third-Party Claim filed November 12, 2020.

<b>INTRODUCTION</b>

1.      Third-party Defendant Cynosure sold Dr. McGaff medical equipment it knew to be unsuitable for the use for which it was advertised and purchased. In doing so, Cynosure committed deceptive acts or practices prohibited by Hawai'i Revised Statutes ("HRS") § 480-2 and Breach of Implied Warranty of Merchantability and Fitness for a Particular Purpose in violation of HRS § 490:2-315. Cynosure, by its actions, also unjustly enriched itself to the detriment of Third Party Plaintiffs. Cynosure is therefore liable for Plaintiff CIT BANK, N.A.'s claim against Dr. McGaff and for damages resulting from the injuries suffered by Dr. McGaff.

2

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to HRS Chapter 603 "Circuit Courts", sections 603-21.5 "General" and 603-21.9 "Powers", as well as HRS § 632-1 "Jurisdiction; controversies subject to" and HRS § 634-35 "Acts submitting to jurisdiction".

3.      Venue is proper pursuant to HRS § 603-36 "Actions and proceedings, where to be brought", sub-section (5), because Hawai'i County is where Cynosure was doing business and where the claims for relief arose.

## THE PARTIES

4.      Third Party Plaintiffs are Dr. Jade McGaff, M.D. ("Dr. McGaff"), an individual with her principal residence in Waimea, Hawai'i and Jade McGaff, MD, LLC fka Jade McGaff Cosmetic Laser, LLC ("McGaff, MD, LLC"), a limited liability company authorized to do business in the state of Hawai'i with its sole owner and member being Dr. Jade McGaff and its principal place of business located at 64-1235 Opelo Road Suite 2, Waimea, Hawai'i 96743.

5.      Third Party Defendant Cynosure, Inc. ("Cynosure") is a corporation incorporated in Delaware and maintains its principal place of business at 5 Carlisle Road, Westford, MA 01886.

6.      At the time of the events precipitating this Complaint, Cynosure was doing business in the State of Hawai'i, including Hawai'i County.

7.      Plaintiff CIT Bank, N.A. is a federal association authorized to do business in the state of Hawai'i.

## STATEMENT OF FACTS

8.      On or around November 9, 2015, Jade McGaff, MD, LLC entered into an Equipment Finance Agreement (the "Finance Agreement") with Ascentium Capital ("Ascentium") in which Ascentium agreed to finance a piece of medical equipment called the SmartXide(2) Laser

3

System, also known as the MonaLisa Touch ("MLT") from Cynosure, Inc.

9.      The MLT equipment cost $170,000.  With taxes, shipping, and customs fees, the total was $180,753.

10.     The interest rate charged by Ascentium was ~11.5%.  After three monthly payments of $99, the monthly payment was $3,974 for 60 months.

11.     Dr. McGaff signed the Finance Agreement, personally guaranteeing the obligations of McGaff, MD, LLC to Ascentium.

12.     On or about November 9, 2015, McGaff, MD, LLC accepted the MLT equipment, thereby authorizing Ascentium to pay Cynosure for the MLT and accepting the obligations of the Finance Agreement.

13.     One of the uses of the MLT equipment as advertised by Cynosure was for "vaginal rejuvenation".  This use was one of the primary features in Cynosure's promotional material for the device.  This was also the primary reason that Dr. McGaff purchased the equipment for her medical practice.

14.     Cynosure's marketing material also said that the MLT had U.S. Food and Drug Administration ("FDA") clearance for gynecological use.

15.     Importantly, Cynosure only provided Dr. McGaff a single option for financing the purchase of the equipment – through its chosen lender, Ascentium.

16.     Based upon complaints published prior to the time McGaff's financing for the MLT was arranged – and unbeknownst to McGaff, Ascentium likely knew or had reason to know that the Cynosure equipment was problematic and/or faulty and potentially harmful to women, and therefore had an unfair bargaining position over Dr. McGaff.[1]

---

[1] See https://www.motherjones.com/politics/2018/08/vaginal-rejuvenation-gsm-treatmentcontroversy-fda-monalisa-touch/ - last visited on June 15, 2020. "The agency (FDA)

4

17.     After Dr. McGaff purchased the MLT, Cynosure sponsored a marketing event at her office where she was told by an agent acting on behalf of Cynosure that the MLT that she had purchased would be "the only one on Hawai'i island", thereby promising her exclusive access to a market with a population of almost 200,000 people.  However, approximately six months later, Cynosure reneged on its promise and sold another MLT to a physician in Hilo, Hawai'i.

18.     On or about October 11, 2017, Ascentium notified Dr. McGaff, MD, LLC that it had assigned and sold all rights, remedies, title, equipment, and interest in the Finance Agreement to CIT Bank, N.A. ("CIT").

19.     On or about May 31, 2018, CIT took possession of the MLT equipment pursuant to the terms of the Finance Agreement after Dr. McGaff, MD, LLC failed to pay the amounts due under the Finance Agreement.

20.     On or about June 4, 2018, CIT demanded payment of the accelerated balance of the Finance Agreement from Dr. McGaff, MD, LLC.

21.     In July 2018, the Food and Drug Administration ("FDA") published a statement from FDA Commissioner Scott Gottlieb, M.D., a warning to the public, and a letter from the FDA to Cynosure, Inc. regarding use of the MLT for vaginal "rejuvenation" or vaginal cosmetic procedures.  Among other serious concerns described in their statement and warning, the FDA notes that:

> "[T]he safety and effectiveness of the devices hasn't been evaluated or confirmed by the FDA for 'vaginal rejuvenation'" and that "In addition to the deceptive
>
> health claims being made with respect to these uses, the "vaginal rejuvenation" procedures have serious risks. In some cases, these devices are being marketed for this use to women who have completed treatment for breast cancer and are experiencing symptoms caused by early menopause. The deceptive marketing of a

told *Mother Jones* it had received 12 adverse event reports related to laser-based vaginal treatments since December 2015. "We are deeply concerned women are being harmed," (FDA Commissioner) Scott Gottlieb wrote.

dangerous procedure with no proven benefit, including to women who've been treated for cancer, is egregious.

In reviewing adverse event reports and published literature, we have found numerous cases of vaginal burns, scarring, pain during sexual intercourse, and recurring or chronic pain. We haven't reviewed or approved these devices for use in such procedures. Thus, the full extent of the risks is unknown. But these reports indicate these procedures can cause serious harm."

22.    In October 2018, CIT sold Dr. McGaff's repossessed MLT, a piece of equipment originally sold to Dr. McGaff for $170,000 less than three years earlier, to a third party *for $14,000.* After taking out the $2,800 sales commission, CIT applied the remaining $11,200 to Dr. McGaff's debt.

### BRIEF PROCEDURAL HISTORY

23.    On March 4, 2019, CIT filed its Complaint for breach of contract against Defendants Jade McGaff, MD, LLC, and Dr. Jade McGaff.

24.    On March 24, 2020, CIT filed its Motion for Summary Judgment against Dr. McGaff, MD, LLC, and on June 5, 2020, filed its Motion for Summary Judgment against Dr. McGaff.

25.    On June 19, 2020, Defendants McGaff filed their Motion for Leave to File Third Party Claim.

26.    At the June 24, 2020 hearing, the Court orally granted both of Plaintiff's Motions for Summary Judgment and the signed Order was filed July 27, 2020.

27.    On July 28, 2020, CIT filed its Motion for (1) Certification of Judgment Under HRCP Rule 54(b), and (2) Attorneys' Fees and Costs.

28.    At the August 28, 2020 hearing, the Court orally granted Plaintiff's Motion for (1) Certification of Judgment Under HRCP Rule 54(b), and (2) Attorneys' Fees and Costs, as well as granting Defendants McGaff's Motion for Leave to File Third Party Claim.

29.    On November 12, 2020, the written Order granting Defendants McGaff's Motion for

6

Leave to File Third Party Claim was filed.

30.    On December 4, 2020, the written Order granting Plaintiff's Motion for (1) Certification

of Judgment Under HRCP Rule 54(b), and (2) Attorneys' Fees and Costs was filed.

## COUNT I – UNFAIR or DECEPTIVE ACTS OR PRACTICES PROHIBITED BY HRS § 480-2

31.    Plaintiffs incorporate by reference paragraphs 1-30 as though fully set forth herein.

32.    Cynosure and Plaintiffs are "persons" within the meaning of Hawai'i Revised Statues

("HRS") § 480-1.

33.    Cynosure is engaged in "trade" or "commerce" within the meaning of HRS § 480-2.

34.    HRS § 480-2 declares "Unfair methods of competition and unfair or deceptive acts or

practices in the conduct of any trade or commerce are unlawful."

35.    In the course of its business, Cynosure, through its agents, employees, and/or

subsidiaries, violated Hawai'i law as detailed in this Complaint. Specifically, in marketing,

offering for sale, and selling the MonaLisa Touch for vaginal rejuvenation purposes

notwithstanding that it was not approved by the FDA for those purposes and notwithstanding that

such use presented a risk of harm to those patients upon whom the device would be used,

Cynosure engaged in one or more of the following unfair or deceptive acts or practices as

prohibited by:

  a. Causing likelihood of misunderstanding as to the fitness and safety of the MonaLisa
     Touch for purposes of vaginal rejuvenation;

  b. Representing that the MonaLisa Touch has approval, characteristics, uses, or benefits
     that it does not have;

  c. Representing that the MonaLisa Touch is of a particular standard, quality and grade
     when it is not; and/or

7

    d.  Using or employing deception, fraud, false pretense, false promise or

       misrepresentation, or the concealment, suppression, or omission of a material fact

       with intent that others rely upon such concealment, suppression or omission, in

       connection with the advertisement and sale of the MonaLisa Touch, whether or not

       any person has in fact been misled, deceived or damaged thereby.

36.     Defendant's misleading scheme and concealment of the true characteristics of the

MonaLisa Touch and its selling of the device usable for vaginal rejuvenation purposes, which

was information as to which it had or should have had superior knowledge as a maker and seller

of medical devices and upon which Third Party Plaintiffs relied, were material to Third Party

Plaintiffs, as Defendant intended.  Had they known the truth, that indeed the MLT did not have

the approval, characteristics, uses, benefits, or quality as represented by Cynosure, Third Party

Plaintiffs would not have purchased or leased the MonaLisa Touch, or—if the MonaLisa

Touch's true nature had been disclosed—would have paid significantly less for the MonaLisa

Touch or leased it for significantly less.  Indeed, once the true nature of the MonaLisa Touch

became known to the public in the FDA publications of July 2018 (over two years after Dr.

McGaff purchased the faulty device), the finance company was only able to resell the

repossessed device for pennies on the dollar.

37.     Defendant's misleading scheme and concealment regarding the exclusivity of the device

which was information as to which it had or should have had superior knowledge as a seller and

marketer of medical devices and upon which Third Party Plaintiffs relied, were material to Third

Party Plaintiffs, as Defendant intended.  Had Third Party Plaintiffs known the truth, that

Cynosure had no intention of honoring its promise of exclusivity on Hawai'i Island and that less

than six months after Third Party Plaintiffs' purchase of the MLT, Cynosure would sell the exact

same equipment to a physician in Hilo (on Hawai'i Island), Third Party Plaintiffs could have made an informed decision regarding the purchase or lease of the MonaLisa Touch, or — if the truth of Cynosure's distribution plans for the MonaLisa Touch had been disclosed — could have paid significantly less for the MonaLisa Touch or leased it for significantly less.

38.    Cynosure had an ongoing duty to Plaintiffs to refrain from unfair and deceptive practices under Hawai'i law in the course of its business. Specifically, Cynosure owed Plaintiffs a duty to disclose all the material facts concerning the fitness of the MonaLisa Touch for the purpose it was marketed and purchased for and concerning its marketing and sales plan for Hawai'i Island, because it possessed exclusive knowledge that it intentionally concealed from Third Party Plaintiffs, and/or it made misrepresentations that were rendered misleading because they were contradicted by withheld facts.

39.    Plaintiffs suffered ascertainable loss and actual damages as a direct and proximate result of Cynosure's concealment, misrepresentations, and/or failure to disclose material information.

## COUNT II - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE (HRS § 490:2-315)

40.    Plaintiffs incorporate by reference paragraphs 1-39 as though fully set forth herein.

41.    Cynosure was at all relevant times a "merchant" within the meaning of HRS § 490:2-315 with respect to the MonaLisa Touch and is a "seller" within the meaning of HRS § 490:2-315.

42.    The MonaLisa Touch is and was at all relevant times "goods" within the meaning of HRS § 490:2-315.

43.    A warranty that the MonaLisa Touch was in merchantable condition and fit for its ordinary purpose for which it was used and/or for which it was intended to be used by Defendant in selling it is implied by law pursuant to HRS § 490:2-315.

9

44.     Cynosure sold the MonaLisa Touch even though the MonaLisa Touch was not merchantable and/or fit for the purpose for which it was marketed for by Cynosure and for which it was intended to be used by Defendant, in violation of these implied warranties.

45.     Cynosure's breaches of the implied warranty of merchantability and/or fitness for a particular purposes caused damage to the Plaintiffs. The amount of damages due will be proven at trial.

## COUNT III - UNJUST ENRICHMENT

46.     Plaintiffs incorporate by reference paragraphs 1-45 as though fully set forth herein.

47.     By virtue of the actions set forth above, Cynosure has received monies from its sales of the MonaLisa Touch, which monies were derived from Third Party Plaintiffs pursuant to their purchases and/or leases of the MonaLisa Touch. When considered under the totality of the circumstances, particularly given Cynosure's false, misleading, and/or deceptive sales practices, Cynosure has been unjustly enriched to the detriment of Plaintiffs McGaff.

48.     Cynosure's retention of some or all of the monies it gained through its wrongful acts and practices would be unjust considering the circumstances of it obtaining those monies.

49.     Cynosure should be required to disgorge its unjustly obtained monies and to make restitution to Third Party Plaintiffs, in an amount to be determined, of the monies by which it has been unjustly enriched.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, pray for judgment against Defendant as follows:

A.     For compensatory, equitable, and/or restitutionary damages according to proof and for all applicable statutory damages under the causes of action set forth herein;

B.     For an award of attorneys' fees and costs;

C.    For prejudgment interest and the costs of suit; and

D.    For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to HRCP Rule 38 "Jury Trial of Right", section (b) "Demand", Dr. McGaff

demands a trial by jury in this action of all issues so triable.


Dated:  Waimea, HI    January 15, 2021        Signed: */s/ David J. Swatland*
                                                       Margaret D. Wille
                                                       David J. Swatland
                                                       Timothy Vandeveer

                                                       Margaret Wille & Associates LLLC

                                                       Attorneys for Defendants and Third Party
                                                       Plaintiffs Dr. Jade McGaff and Dr. Jade
                                                       McGaff, MD, LLC fka Jade McGaff
                                                       Cosmetic Laser, LLC

11