IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CIT BANK, N.A., ) | CIVIL NO. 21-00092 JAO-RT |
| ) | |
| Plaintiff, ) | ORDER REMANDING CASE |
| ) | |
| vs. ) | |
| ) | |
| JADE MCGAFF, M.D., LLC; DR. ) | |
| JADE MCGAFF, ) | |
| ) | |
| Defendants/Third-Party ) | |
| Plaintiffs, ) | |
| ) | |
| CYNOSURE, ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |
| ) | |

**ORDER REMANDING CASE**

On March 8, 2019, Third-Party Defendant Cynosure LLC ("Cynosure") removed this case from the Circuit Court of the Third Circuit, State of Hawaii, asserting diversity jurisdiction as the basis for subject matter jurisdiction in this action. Notice of Removal ("Notice") ¶¶ 12–16.

DISCUSSION

A. Removal

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction.

*Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

B.   Diversity Jurisdiction

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C.

§ 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). By contrast, an LLC shares the citizenships of all of its owners/members. *Id.* at 899, 902 ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

C.  Cynosure Improperly Removed This Case

Cynosure asserts that diversity jurisdiction exists because: (1) Third-Party Plaintiff Dr. Jade McGaff's principal place of residence is Hawaiʻi and she is therefore a citizen of Hawaiʻi, Notice ¶ 14; (2) Third-Party Plaintiff Jade McGaff, M.D., LLC's sole member is Dr. McGaff so it is a citizen of Hawaiʻi, *id.* ¶ 13; (3) Cynosure's sole member is Lotus Buyers, a corporation incorporated in Delaware with its principal place of business there, *id.* ¶ 15; and (3) the amount in controversy exceeds $75,000. *Id.* ¶ 11. Cynosure also contends that although Third-Party Plaintiffs have named it as a Third-Party Defendant, it is exempt from § 1441's prohibition on removal by a third-party defendant. In particular,

3

Cynosure argues that it should be treated as an original defendant because (1) Third-Party Plaintiffs filed the Third-Party Complaint after judgment entered and the window to appeal expired; (2) Third-Party Plaintiffs assert claims that are distinct from the underlying litigation and should have been filed as a separate action; and (3) the Court should treat the parties according to their actual interests. The Court disagrees.

Relying on *U.S. Bank National Association v. Higa*, No. CV 15-00251 DKW-RLP, 2015 WL 6509116, at *1 (D. Haw. Oct. 28, 2015), Cynosure invites the Court to construe the claims as improper third-party claims that should have been brought in a separate action. However, *U.S. Bank* is distinguishable. There, the pro se *defendants* filed a cross-complaint in which they asserted federal claims, then removed the action based on federal constitutional challenges. *See id.* The court recharacterized the defendants' pleading as a counterclaim and third-party complaint because the causes of action were asserted against the plaintiff and third-party defendants (not existing defendants). *See id.* at *1, 3. By doing so, the court did not materially change the parties' designations as they pertained to removal jurisdiction, and its recharacterization was not to create a basis for removal that did not exist.[1] Insofar as the underlying complaint did not present a federal question

---

[1] Indeed, whether or not the pleading was accepted as a cross-complaint or counterclaim and third-party complaint is immaterial, as neither can provide a
(continued . . .)

and the counterclaim could not manufacture federal question jurisdiction, the court remanded the case. *See id.*

Here, Cynosure's desire to recast the parties' actual respective interests as plaintiffs and defendant without the "third-party" qualifiers would be *inconsistent* with the existing facts and procedural posture.[2] Regardless of when Third-Party Plaintiffs filed the Third-Party Complaint, it was filed in the original state court action. Notably, the state court orally granted Third-Party Plaintiffs' Motion to File Third Party Complaint at the same time it granted Plaintiff CIT Bank's Motion

---

(. . . continued)
basis for federal question jurisdiction, upon which to remove. *See Credit Consulting Servs., Inc. v. Scott*, No. 19-CV-00332-WHO, 2019 WL 914126, at *2 (N.D. Cal. Feb. 25, 2019) ("Removal, therefore cannot be based on a counterclaim or cross-claim raising a federal question." (citation omitted)). Here, the requested recharacterization would potentially affect removability.

[2] Cynosure's reliance on *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867 (9th Cir. 2000), is misplaced. *Prudential* concerned the proper alignment of the parties for the purposes of diversity jurisdiction, which "requires a court to 'look beyond the pleadings' to the actual interests of the parties respecting the subject matter of the lawsuit." *Id.* at 872 (citation omitted). When parties' interests coincide with respect to the "primary matter in dispute," courts must align them for jurisdictional purposes. *See id.* at 873 (citations omitted). Realignment therefore involves shifting parties to the opposing side where appropriate, not changing the parties' identities based on their present alignment. *See Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983) ("If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes." (citation omitted)).

for (1) Certification of Judgment Pursuant to HRCP Rule 54(b), and (2) Attorneys' Fees and Costs.  Notice ¶ 7; *see also* ECF No. 2-3 at 14–16.  The Court will not second guess that decision, which was rendered with the knowledge that the underlying case had concluded.  Thus, Third-Party Plaintiffs are the defendants for the purposes of the removal statutes, not Cynosure.  Treating the Third-Party Complaint as a new action and disregarding the parties' existing roles in the underlying action would contravene the presumption against removal and resolution of any doubt in favor of remand.  An action must be removable *before* it is brought into federal court, not "fixed" by a federal court based on the removing party's preferences in order to remain there.

As a Third-Party Defendant, Cynosure is prohibited from removing the action.  *See Home Depot U.S.A., Inc. v. Jackson*, __ U.S. __, 139 S. Ct. 1743, 1750 (2019)  ("[A] third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a));[3] *Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th

---

[3]  The Supreme Court reasoned:

> Moreover, Home Depot's interpretation makes little sense in the context of other removal provisions.  For instance, when removal is based on § 1441(a), all defendants must consent to removal.  *See* § 1446(b)(2)(A).  Under Home Depot's interpretation, "defendants" in § 1446(b)(2)(A) could be read to require consent from the third-party counterclaim defendant, the original plaintiff (as a counterclaim defendant), and the original defendant asserting claims against them.  Further, Home Depot's interpretation would require courts to

(continued . . .)

Cir. 2011) ("Likewise, the *Shamrock Oil* rule has been extended to preclude removal by third-party defendants to an action." (citations omitted)). Consequently, the action was improperly removed[4] and jurisdiction is lacking. The Court accordingly remands the action to the Third Circuit Court, State of Hawaiʻi. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

For the reasons stated herein, the Court lacks subject matter jurisdiction and REMANDS this case to the Third Circuit Court, State of Hawaiʻi.

---

(. . . continued)
    determine when the original defendant is also a "plaintiff" under other statutory provisions. *E.g.*, § 1446(c)(1).

*Id.* at __, 139 S. Ct. at 1749–50.

[4] Even if this were not the case, the Notice contains another deficiency. Cynosure identifies Dr. McGaff's citizenship based on her residence. Notice ¶ 14. But a party's principal place of residence is not the measure of citizenship. "The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). That a person resides in a state does not mean he or she is "domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citation omitted). Accordingly, Cynosure's reliance on Dr. McGaff's place of residence—principal or otherwise—does not establish citizenship.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, March 11, 2021.



Jill A. Otake
United States District Judge

CV 21-00092 JAO-RT; *CIT Bank, N.A. v. Jade McGaff, M.D., LLC.*; ORDER REMANDING CASE